[Doc. No. 32]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JAMAR JUNNE,<br><br>        Plaintiff,<br><br>   v.<br><br>ATLANTIC CITY MEDICAL CENTER,<br>et al.,<br><br>        Defendants. | Civil No. 07-5262-RMB-AMD |

**ORDER**

THIS MATTER having come before the Court by way of letter [Doc. No. 32] from Plaintiff Pro Se, Jamar Junne, stating that he made an error in his "pre-trial memorandum" and seeking to amend the "pleading;" and the Court noting that in the "amendment to pleading" submitted with Plaintiff's letter, Plaintiff seeks to add Warden Gary Merline and Richard Mulvihill as defendants in this action; and the Court therefore construing Plaintiff's letter as a request to amend his complaint; and

THE COURT NOTING that Plaintiff named Warden Gary Merline and Richard Mulvihill as defendants in his amended complaint submitted on December 17, 2007; and the Court further noting that by Opinion and Order dated February 4, 2008, the District Court sua sponte dismissed without prejudice Plaintiff's claims against Defendants Merline and Mulvihill; and

IT APPEARING TO THE COURT that Plaintiff is now seeking to amend the complaint to re-assert claims against Defendants Merline and Mulvihill.  FED. R. CIV. P. 15(a) states that a party may amend its pleading once as a matter of course before being served with a responsive pleading; thereafter, a pleading may not be amended without written consent of the opposing party or leave of court.  FED. R. CIV. P. 15(a)(1), (a)(2).  In this case, Plaintiff already filed an amended complaint, and Defendants Dr. Nugent, CFG Health System LLC, and Dr. Hubbard have filed a responsive pleading.  Moreover, Plaintiff has not indicated that Defendants consent to Plaintiff's proposed amendments to the complaint.  Accordingly, pursuant to FED. R. CIV. P. 15(a)(2), Plaintiff must seek leave of court before amending his pleading; and

IT FURTHER APPEARING TO THE COURT that Plaintiff has not complied with the Federal Rules of Civil Procedure and the Local Civil Rules for the District of New Jersey in seeking to amend his complaint.  Local Civil Rule 7.1 sets forth the procedure a party must follow when filing a motion in this District, and requires a party to file a formal Notice of Motion, a brief in support of the motion or "a statement that no brief is necessary and the reasons therefor," and a proposed order.  <u>See</u> L. CIV. R. 7.1(b)(2), (d), and (e).  In addition, L. CIV. R. 7.1(f) provides that a party seeking leave to file an amended complaint must file a motion for leave to file an amended complaint, attaching thereto "a copy of the proposed pleading or amendments[.]"  L. CIV. R. 7.1(f).  While

Plaintiff attached an "amendment to pleading" to his letter, he has not filed a proposed amended complaint setting forth both the claims presently asserted in this case and the proposed claims against Warden Gary Merline and Richard Mulvihill.  Further, the proposed amendment does not comply with FED. R. CIV. P. 10(b), which requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances[.]"  FED. R. CIV. P. 10(b).[1]  Therefore, Plaintiff's letter request to amend his complaint is denied without prejudice.

CONSEQUENTLY, the Court having considered this matter pursuant to FED. R. CIV. P. 78, and for the reasons above and good cause shown:

IT IS on this 3rd day of September 2008,

**ORDERED** that Plaintiff's letter request [Doc. No. 32] to amend the complaint to assert claims against Warden Gary Merline and Richard Mulvihill shall be, and is hereby, **DENIED WITHOUT PREJUDICE**.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Renée Marie Bumb

---

1. The Court notes that although "'[p]ro se plaintiffs cannot be held to the same strict standards as attorneys, . . . they also cannot be excused from compliance with the plain text of the federal rules.'" Joseph v. Lopez, No. 05-1640, 2007 WL 1135297, at *2 (D.N.J. Apr. 11, 2007) (quoting Palmer v. Sec. Nat'l Bank, No. 00-287, 2001 WL 877584, at *3 (E.D. Pa. June 13, 2001)).